# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# BRUNSWICK DIVISION

STEVEN JACKSON,

    Petitioner,

v.

J.V. FLOURNOY,

    Respondent.

CIVIL ACTION NO.: 2:15-cv-105

## ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Steven Jackson ("Jackson"), an inmate at the Federal Correctional Institute in Jesup, Georgia, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (Doc. 1.) Respondent filed a Motion to Dismiss. (Doc. 10). For the reasons which follow, I **RECOMMEND** that the Court **GRANT** Respondent's Motion to Dismiss, **DISMISS** Jackson's Section 2241 Petition, **CLOSE** this case, and **DENY** Jackson *in forma pauperis* status on appeal.

## BACKGROUND

Jackson was convicted in the Southern District of Florida, after jury trial, of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1), and three counts of assault on a federal law enforcement officer, in violation of 18 U.S.C. § 111. (Doc. 10-1.) According to the Presentence Investigation report ("PSI"), Jackson was classified as an armed career criminal under 18 U.S.C. § 924(e) (the Armed Career Criminal Act, or "ACCA").[1] (Doc. 11-1.) Among

---

[1] Under the ACCA, a defendant who is convicted under 18 U.S.C. § 922(g) is subject to a 15-year mandatory-minimum prison sentence if he has three prior convictions for "serious drug offenses" or "violent felonies" committed on separate occasions. 18 U.S.C. § 924(e)(1); see also United States v. Samuel, 580 F. App'x 836, 841 (11th Cir. 2014). Without Section 924(e)'s enhancement, Jackson would have been subject to a maximum term of ten years in prison. See Bryant v. Warden, FCC Coleman-

Jackson's predicate convictions used to trigger this provision were his convictions for assault with intent to commit a felony, to wit: robbery, a conviction for aggravated assault, a conviction for robbery, and a federal conviction for possession with intent to distribute heroin. (Id.) In addition, Jackson was classified as a career offender pursuant to United States Sentencing Guideline § 4B1.1. On May 22, 1996, the District Court sentenced Jackson was sentenced to 360 months' imprisonment on his felon in possession of a firearm conviction and 120 months' imprisonment on his assault of federal law enforcement officer convictions. (Doc. 10-1.)

Jackson filed a direct appeal, raising a number of challenges, including his classification as an armed career criminal. The Eleventh Circuit Court of Appeals affirmed Jackson's conviction and sentence. Then, on December 30, 1998, Jackson sought to set aside his conviction and sentence by filing a 28 U.S.C. § 2255 motion in the district of his conviction. (Doc. 10-3.) Therein, Jackson argued that both his trial counsel and his appellate counsel provided him with ineffective assistance. Id. The Southern District of Florida rejected Jackson's arguments and denied his Section 2255 motion. (Docs. 10-4, 10-5, 10-6, 10-7.) Following the United States Supreme Court's decision in Johnson v. United States, ___ U.S. ___, 135 S. Ct. 2551 (June 26, 2015), Jackson then filed the instant Section 2241 Petition alleging that his ACCA-enhanced sentence is illegal and that he is being unlawfully detained.

## DISCUSSION

In his current Petition, Jackson contends his ACCA sentence enhancement is unlawful in light of the United States Supreme Court's decision in Johnson. (Doc. 1, p. 6–7.) Specifically, Jackson asserts his prior Florida convictions for robbery and assault could only be considered violent felonies under the residual clause, which was struck down by Johnson. (Id. at p. 7.)

---

Medium, 738 F.3d 1253, 1285 (11th Cir. 2013) (recognizing that "[s]ection 924(a)(2) states that the maximum sentence for a violation of § 922(g) is 10 years.").

Respondent argues Jackson is not entitled to use of Section 2255's savings clause. (Doc. 10, pp. 4–7.) Respondent states Johnson cannot form the basis for savings clause relief, as the rule announced in that case is a new constitutional rule[2], and neither the Supreme Court nor the Eleventh Circuit has ever held that a Section 2255 motion is an "inadequate or ineffective" vehicle by which to raise such a claim. Id.

In response, Jackson essentially agrees with Respondent that he cannot proceed under Section 2241 and asks that the Court transfer this action to the Eleventh Circuit as a request to file a second or successive Section 2255 motion. (Doc. 13, p. 2–3.) Because no procedural avenue exists for the Court to affect such a transfer, the Court explains below why Jackson cannot proceed in this Court under Section 2241. Additionally, the Court cautions Jackson that, should he wish to pursue his Johnson arguments further, he must expeditiously file a request with the Eleventh Circuit.

## I.    Whether Jackson can Proceed Pursuant to Section 2241

Section 2241 habeas corpus petitions "'are generally reserved for challenges to the execution of a sentence or the nature of confinement, not the validity of the sentence itself or the fact of confinement.'" Vieux v. Warden, 616 F. App'x 891, 896 (11th Cir. 2015) (quoting Bryant v. Warden, FCC Coleman-Medium, 738 F.3d 1253, 1288 (11th Cir. 2013) (emphasis omitted)). Ordinarily, an action in which an individual seeks to collaterally attack "the validity of a federal sentence must be brought under § 2255," in the district of conviction. 28 U.S.C. § 2255(a); Turner v. Warden Coleman FCI (Medium), 709 F.3d 1328, 1333 (11th Cir. 2013). However, a petitioner, such as Jackson, who has already brought a petition under Section 2255,

---

[2] While the United States Supreme Court has now decided Johnson announced a substantive rule that applies retroactively to cases on collateral review, Welch v. United States, ___ U.S. ___ 2016 WL 1551144 (Apr. 18, 2016), Respondent's requested relief of dismissal of Jackson's Section 2241 is no less appropriate.

3

must obtain certification from the Court of Appeals before bringing a second or successive Section 2255 petition. 28 U.S.C. § 2255(h).

Rather than seeking permission to file a second 2255 motion from the Eleventh Circuit Court of Appeals, Jackson filed this petition for habeas corpus relief pursuant to 28 U.S.C. § 2241. To utilize Section 2241 to attack the validity of a federal sentence or conviction, a petitioner must show that the remedy afforded under Section 2255 is "inadequate or ineffective" to challenge the validity of a conviction and/or sentence. Taylor v. Warden, FCI Marianna, 557 F. App'x 911, 913 (11th Cir. 2014). Although 28 U.S.C. § 2255(e) expressly limits the circumstances under which a Section 2241 petition may be filed, Jackson originally asserted that he properly filed this motion under Section 2241 pursuant Section 2255(e)'s savings clause. (Doc. 1, p. 3.) Specifically, Jackson argues that, due to the Supreme Court's decision in Johnson, his prior convictions no longer qualify as predicate convictions under the ACCA. (Id. at pp. 3–6.)

Under Section 2255(e)'s "savings clause," a prisoner may file a Section 2241 petition if an otherwise available remedy under Section 2255 is inadequate or ineffective to test the legality of his detention. Specifically, Section 2255(e) provides:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, **unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention**.

28 U.S. C. § 2255(e) (emphasis added). The above-emphasized portion of Section 2255(e) is referred to as the "savings clause."

In Bryant, the Eleventh Circuit articulated the requirements a petitioner must meet in order to proceed under the savings clause with a Section 2241 petition that raises sentencing

4

claims. 738 F.3d 1253. The petitioner must establish that: (1) binding circuit precedent squarely foreclosed the claim "throughout his sentence, direct appeal, and first § 2255 proceeding"; (2) "subsequent to his first 2255 proceeding," a Supreme Court decision overturned that circuit precedent; (3) the rule announced in that Supreme Court decision applies retroactively on collateral review; (4) as a result of the new rule, the petitioner's current sentence exceeds the statutory maximum penalty authorized by Congress; and (5) the savings clause reaches the petitioner's claim. Bryant, 738 F.3d at 1274 (synthesizing the savings clause tests discussed in Wofford v. Scott, 177 F.3d 1236 (11th Cir. 1999); Gilbert v. United States, 640 F.3d 1293 (11th Cir. 2011); and Williams v. Warden, Federal Bureau of Prisons, 713 F.3d 1332, 1343 (11th Cir. 2013)); see also Jeanty v. Warden, 757 F.3d 1283, 1285 (11th Cir. 2014); Mackey v. Warden, FCC Coleman, 739 F.3d 657, 661–62 (11th Cir. 2014) (approving the Bryant test factors and concluding that petitioner had satisfied all prongs thereof).

A petitioner must satisfy all five of these requirements to obtain relief. Bryant, 738 F.3d at 1274. This threshold showing is a jurisdictional requirement, and where it is absent, federal courts lack authority to consider the merits of a petitioner's Section 2241 claims. Williams, 713 F.3d at 1338. Moreover, "[t]he petitioner bears the burden of coming forward with evidence affirmatively showing the inadequacy or ineffectiveness of the § 2255 remedy." Smith v. Warden, FCC Coleman-Low, 503 F. App'x 763, 765 (11th Cir. 2013) (citation omitted). "A petitioner may not argue the merits of his claim until he has opened the portal to a § 2241 proceeding by demonstrating that the savings clause of § 2255(e) applies to his claim." Id. (citation omitted).

As noted above, Jackson relies upon the Supreme Court's decision in Johnson to support his savings clause argument. In Johnson, the Supreme Court held that "imposing an increased

5

sentence under the residual clause of the Armed Career Criminal Act violates the Constitution's guarantee of due process[.]" ___ U.S. at ___, 135 S. Ct. 2551, 2563.  However, the Court also emphasized that its "decision does not call into question application of the Act to the four enumerated offenses, or the remainder of the Act's definition of a violent felony." Id.

Jackson's Johnson claims do not satisfy the Bryant factors because he cannot show that the savings clause reaches those claims.  Specifically, the remedy afforded by Section 2255 is not inadequate or ineffective to raise these claims. Jackson has a remedy available to him under 28 U.S.C. § 2255(h) to obtain permission from the Eleventh Circuit Court of Appeals to file a second or successive Section 2255 petition.[3]  On this front, the Court notes that the Supreme Court recently decided in Welch v. United States, ___ U.S. ___ 2016 WL 1551144 (Apr. 18, 2016), that Johnson applies retroactively to cases on collateral review.  The Supreme Court's decision in Welch fortifies the remedy available under Section 2255(h).  Welch changes the Eleventh Circuit's Section 2255(h) analysis and no longer makes Section 2255(h) automatically unavailable to petitioners such as Jackson.  See In re Rivero, 797 F.3d 986, 989 (11th Cir. 2015) ("Under section 2255(h)(2), the Supreme Court is the only entity that can make a new rule retroactive.") (quoting Tyler v. Cain, 533 U.S. 656, 663 (2001) (internal citations and alterations omitted)).  In addition, the Eleventh Circuit has already recognized Welch's holding and

---

[3] 28 U.S.C. § 2255(h) provides,

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain—
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

Johnson's application to cases on collateral review.  In re Robinson, ___ F.3d ___, No. 16-11304, 2016 WL 1583616 (11th Cir. Apr. 19, 2016).

Furthermore, the savings clause only applies where a petitioner is categorically prevented from ever proceeding with a successive § 2255(h) motion, such as when a second or successive claim is based on a new rule of statutory construction rather than on new evidence or a new rule of constitutional law.  See, e.g., Bryant, 738 F.3d at 1377–78 (discussing retroactivity requirements in context of deciding whether Section 2255 is inadequate or ineffective); see also In re Davenport, 147 F.3d 605, 611 (7th Cir. 1998) (explaining a new claim cannot be raised under Section 2241 unless it is based on "a change that eludes permission in section 2255 for successive motions").  In this case, Jackson has available to him an actual remedy under Section 2255, specifically, the right to request permission to file a second or successive Section 2255 motion.[4]  This Court expresses no opinion on the ultimate success of such an application.  However, regardless of the merits of Jackson's Johnson arguments, Section 2255(h) clearly provides him a procedural avenue to assert those arguments.  As such, he need not, and, thus, cannot, rely upon Section 2255(e).  See Harris v. Warden, 801 F.3d 1321, 1323 (11th Cir. 2015) ("Regardless of whether the [Circuit from which permission is sought] will actually certify a successive motion based upon the above facts and legal theories, § 2255 is adequate to test the legality of [the petitioner's] sentence.  Accordingly, § 2255(e)'s savings clause does not apply.").

---

[4] Other courts have noted that, while Johnson and Welch may provide relief under Section 2255(h), they do not provide grounds for filing a Section 2241 Petition under Section 2255(e).  See King v. Werlich, No. 16-CV-300-DRH-CJP, 2016 WL 1583936, at *3 (S.D. Ill. Apr. 20, 2016) ("Courts have decided that habeas corpus relief under 28 U.S.C.A. § 2241 is not the appropriate method of collateral attack under Johnson.").  Magistrate Judge Brian K. Epps of this District recently concluded that a petitioner cannot bring a Johnson claim via Section 2241 due the availability of relief under Section 2255(h).  R. & R., Richard v. Stone, Case 3:16-cv-1 (Apr. 25, 2016), ECF No. 15 ("Regardless of whether the [circuit court] actually grants permission for Petitioner to file a second or successive § 2255 motion, there is an available avenue to pursue a Johnson claim, and he therefore cannot pursue relief in this Court under § 2241.").

Additionally, a Section 2255 motion is not "inadequate or ineffective" under the savings clause merely because Jackson may be unable to comply with procedural restrictions. Jones v. Warden, FCC Coleman Medium, 520 F. App'x 942, 945 (11th Cir. 2013) (noting the mere fact that a Section 2255 motion is procedurally barred does not make that Section's remedy inadequate or ineffective); see also Hill v. Morrison, 349 F.3d 1089, 1091 (8th Cir. 2003) (stating a petitioner "has the burden of demonstrating Section 2255's relief" is 'unavailable or ineffective[ ]', and to do so, there must be more than a procedural barrier to bringing a Section 2255 motion. . . . This court has held a § 2255 motion is not 'inadequate or ineffective' merely because '§ 2255 relief has already been denied[ ]'") (internal citations omitted)). Jackson brought both a direct appeal with the Eleventh Circuit and unsuccessfully brought a Section 2255 motion in the district of his conviction. However, the successiveness bar in § 2255(h) does not itself render a § 2255 motion inadequate or ineffective. Gilbert, 640 F.3d at 1308. Similarly, the fact that Jackson's claims could be barred by the statute of limitations does not satisfy Section 2255(e)'s savings clause. Jones, 520 F. App'x at 945. Rather, "[w]hat makes the § 2255 proceeding 'inadequate or ineffective' for [a petitioner] is that he had no 'genuine opportunity' to raise his claim in the context of a § 2255 motion." Zelaya v. Sec'y, Fla. Dep't of Corr., 798 F.3d 1360, 1370 (11th Cir. 2015).

For all of these reasons, Jackson has not satisfied the requirements of Section 2255(e)'s savings clause. Consequently, he cannot "open the portal" to argue the merits of his Section 2241claim. Dean v. McFadden, 133 F. App'x 640, 642 (11th Cir. 2005).[5]

Jackson is reminded that the filing of Section 2255 motions is governed by a statute of limitations period, and of particular significance is Section 2255(f)(3). "It is important to note

---

[5] Because the Court need not address the relative merits of Jackson's claims due to his failure to satisfy the savings clause, the Court will not discuss whether Jackson's underlying convictions are violent felonies within the meaning of the ACCA absent the residual clause.

that 28 U.S.C. [§] 2255(f)(3) requires that a § 2255 motion relying on a newly-recognized right must be filed within one year from 'the date on which the right asserted was initially recognized by the Supreme Court[.]'" King v. Werlich, No. 16-CV-300-DRH-CJP, 2016 WL 1583936, at *3 (S.D. Ill. Apr. 20, 2016) (quoting 28 U.S.C. § 2255(f)(3)). "Further, the one-year period prescribed by [Section] 2255(f)(3) runs from the date of the Supreme Court's ruling initially recognizing the right asserted[ ] and *not* from the date the newly recognized right was found to be retroactive. Id. (emphasis in original) (citing Dodd v. United States, 545 U.S. 353, 358 (2005)). Johnson was decided by the Supreme Court on June 26, 2015.

Based on these reasons, I **RECOMMEND** the Court **GRANT** Respondent's Motion to Dismiss and **DISMISS** Jackson's Section 2241 Petition.

## II.     Leave to Appeal *In Forma Pauperis*

The Court should also deny Jackson leave to appeal *in forma pauperis*. Though Jackson has, of course, not yet filed a notice of appeal, it would be appropriate to address these issues in the Court's order of dismissal. Fed. R. App. P. 24(a)(3) (trial court may certify that appeal of party proceeding *in forma pauperis* is not taken in good faith "before or after the notice of appeal is filed"). An appeal cannot be taken *in forma pauperis* if the trial court certifies that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. Cty. of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). Stated another way, an *in forma pauperis* action is

9

frivolous and, thus, not brought in good faith, if it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of Jackson's Petition and the Respondent's Motion to Dismiss, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith. Thus, the Court should **DENY** *in forma pauperis* status on appeal.

## CONCLUSION

Based on the foregoing, I **RECOMMEND** that the Court **GRANT** Respondent's Motion to Dismiss, (doc. 10), **DISMISS** Jackson's Petition for Writ of Habeas Corpus, filed pursuant to 28 U.S.C. § 2241, (doc. 1), **CLOSE** this case, and **DENY** Jackson leave to proceed *in forma pauperis*.

The Court **ORDERS** any party seeking to object to this Report and Recommendation to file specific written objections within **fourteen (14) days** of the date on which this Report and Recommendation is entered. Any objections asserting that the Magistrate Judge failed to address any contention raised in the pleading must also be included. Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985). A copy of the objections must be served upon all other parties to the action. The filing of objections is not a proper vehicle through which to make new allegations or present additional evidence.

Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge will make a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not

meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a District Judge. The Clerk of Court is **DIRECTED** to serve a copy of this Report and Recommendation upon Jackson and Respondent.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 24th day of May, 2016.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA